IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALBERT CHRISTY,<br><br>Plaintiff,<br><br>v.<br><br>LINDA AYELA, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:25-cv-12154-KMW-SAK<br><br>**MEMORANDUM OPINION** |

**Jerry A. Lindheim, Esq.**
VAN DER VEEN, HARTSHORN AND LEVIN
1219 Spruce Street
Philadelphia, PA 19107

*Counsel for Plaintiff Albert Christy*

**Richard J. Birch, Esq.**
**Edward Sponzilli, Esq.**
NORRIS MCLAUGHLIN, P.A.
400 Crossing Boulevard
Bridgewater, NJ 08807

*Counsel for Defendants Linda Ayala and Rochelle Rom*

**Louis A. Di Leo, Esq.**
RUPRECHT HART RICCIARDULLI &
SHERMAN, LLP
871 Mountain Avenue
Springfield, NJ 07081

*Counsel for Defendants Angelica Russell, Deborah Esher, Dyann Blackwell, Lisa Puhala, Tara Sinclair, Ricardo Mariano, Danielle Garwood, William Crawley, Nicole Marrero, Alecia Macheda, Todd Trout, David Soult, the State of New Jersey, and the Division of Child Protection and Permanency*

**WILLIAMS, District Judge:**

## I.   INTRODUCTION

Before the Court is the Motion to Remand filed by plaintiff Albert Christy ("Plaintiff")

pursuant to 28 U.S.C. § 1447(c). The Motion is opposed by the removing defendants, Linda Ayala

and Rochelle Rom. For the reasons set forth below, Plaintiff's Motion is denied.

## II.    BACKGROUND

This case arises from allegations of severe physical and emotional abuse suffered by Plaintiff's minor child, Z.C., while in the care and supervision of New Jersey's child-welfare system. Plaintiff commenced this action on July 22, 2024, in the Superior Court of New Jersey, Law Division, Camden County. (ECF No. 1.) The Complaint names fourteen defendants: the State of New Jersey, the New Jersey Division of Child Protection and Permanency ("DCPP"), and numerous individually named defendants alleged to be employees or agents of the State (collectively, the "State Defendants"). (*Id.*) On behalf of himself and Z.C., Plaintiff asserts claims for negligence under the New Jersey Tort Claims Act, as well as federal constitutional claims pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.)

Unbeknownst to Plaintiff at the time the Complaint was filed, two of the individually named defendants—Linda Ayala and Rochelle Rom—were not employees or agents of the State of New Jersey. Rather, both were employed by non-party Rutgers University, specifically through its Child and Family Nurse Program.[1] (ECF Nos. 1-2, 1-3.) Unfortunately, the State Defendants did not pick up on this misidentification. When counsel for the State Defendants agreed to represent them in this matter, he did so under the mistaken belief that the individually named employees were all State employees. (ECF No. 1-4.) So when he filed an Answer on behalf of the State Defendants on January 7, 2025, he purported to do so on behalf of *all* named defendants, including Ayala and Rom. (ECF No. 2-2 at 23–32.) In the ensuing months, both sides litigated under the shared assumption that Ayala and Rom were present and properly represented when, in fact, they were not.

---

[1] The Complaint also incorrectly identifies these defendants as "Linda Ayela" and "Michelle Rom." (ECF Nos. 1-2, 1-3.)

Meanwhile, Ayala and Rom remained completely unaware that they had been sued. As they tell it, Plaintiff did not serve either defendant with process, and neither defendant had knowledge of the action for nearly a year after it was commenced. Ayala first learned of the lawsuit in late May 2025, when counsel for the State Defendants contacted her for the first time regarding this matter. (ECF No. 1-2.) That communication prompted Ayala to notify Rutgers University, which in turn discovered that both Ayala and Rom had been named as defendants and that an Answer had been filed on their behalf without their knowledge or authorization. (Id.) Rom was informed shortly thereafter. (ECF No. 1-3.)

After learning of the action and retaining separate counsel, Ayala and Rom removed the action to this Court on June 25, 2025, invoking federal-question jurisdiction based on Plaintiff's § 1983 claims. (ECF No. 1.) The State Defendants consented to removal pursuant to 28 U.S.C. § 1446(b)(2)(C). (ECF No. 1-4.) Plaintiff thereafter filed the instant Motion to Remand under 28 U.S.C. § 1447(c), which Ayala and Rom have opposed.[2] (ECF Nos. 1-2, 1-3.)

## III.    LEGAL BACKGROUND

The procedures for removal are governed by 28 U.S.C. § 1446. Section 1446(b) requires that a notice of removal be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). This thirty-day period for removal is triggered by a defendant's receipt of formal service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Thus, "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009).

---

[2] The Court separately notes that Plaintiff has since voluntarily dismissed the Rutgers Defendants from this action with prejudice. (ECF No. 9.)

However, in cases involving multiple defendants, the removal statute modifies how the thirty-day removal period operates, giving each defendant its own removal window. Section 1446(b)(2)(C) provides:

> If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2)(C); *see also Delalla v. Hanover Ins.*, 660 F.3d 180, 188 (3d Cir. 2011); 14C WRIGHT & MILLER'S FED. PRAC. & PROC. JURIS. § 3731 (Rev. 4th ed. 2025). Crucially, nothing in § 1446 conditions a defendant's right to remove on prior service of process; service merely triggers the statute's thirty-day removal clock, not the ability to remove itself. *See McFadden v. CVS Pharmacy, Inc.*, No. 20-cv-1715, 2020 WL 4195284, at *3 (E.D. Pa. July 21, 2020) ("[A] defendant's ability to remove an action does not depend upon having been properly served."); *see also Bank of New York v. Mazza*, 743 F. App'x 504, 506 (3d Cir. 2018) (observing that "every Court of Appeals to have addressed the issue has concluded that defendants in state-court actions may indeed remove them before being served with process.").

Under 28 U.S.C. § 1447(c), a motion to remand based on a defect in the removal procedure must be filed within thirty days after the filing of the notice of removal. *See also Dirauf v. Berger*, 57 F.4th 101, 103–04 (3d Cir. 2022). An untimely removal constitutes a procedural defect, and where such a defect is timely raised, remand is required. *See Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 467 (D.N.J. 2013). The removing defendant bears the burden of establishing that removal was proper. *See Ripley v. Eon Labs Inc.*, 622 F. Supp. 2d 137, 140 (D.N.J. 2007). Consistent with that burden, the removal statute must be "strictly construed" against the defendant and "all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006).

## IV.     DISCUSSION

In his Motion, Plaintiff articulates two bases for remand. First, Plaintiff argues that removal was procedurally defective because it was untimely. He contends that Ayala and Rom were served with process on August 9, 2024, thereby triggering the thirty-day removal period under 28 U.S.C. § 1446(b). Because Ayala and Rom did not file their notice of removal until June 25, 2025, Plaintiff maintains that the notice was filed well outside the statutory window and that the case must be remanded.

The record does not support Plaintiff's contentions. To rebut Ayala and Rom's assertion that they have not yet been served, Plaintiff relies solely on an affidavit from a process server stating that copies of the pleadings were left with an individual named Natasha Young, who is described only as a person "authorized to accept service." (ECF No. 2-2 at 19–21.) The affidavit, however, does not identify which of the fourteen named defendants—if any—on whose behalf Ms. Young was reportedly authorized to accept service. Nor does it describe a clear basis for this alleged authority. By contrast, Ayala and Rom have provided information suggesting that Ms. Young is an employee of the New Jersey Department of Children and Families. (ECF No. 4-1.) Assuming that is so, Plaintiff's affidavit of service, at most, supports an inference that service may have been effected on the State Defendants. It appearing that service was never accomplished as to Ayala and Rom, the Court finds that the thirty-day removal period under § 1446(b) was not triggered, and their removal was therefore timely.

Next, Plaintiff states in a conclusory fashion that removal was improper because Ayala and Rom "waived" their right to remove by previously answering the Complaint. Even assuming for purposes of argument that a defendant could waive the statutory right to removal merely by filing

an answer, no such waiver occurred here.[3] First, as just discussed, Ayala and Rom were never properly served with process. To waive their right to removal, the defendants would have needed to first waive service. *See Murphy Bros.*, 526 U.S. at 350 ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). But Ayala and Rom have never waived service. Nor did they answer the Complaint in state court. Uncontroverted certifications from Ayala, Rom, and counsel for the State Defendants demonstrate that counsel was not their attorney, and that their names were mistakenly included in the State Defendants' Answer without their knowledge or authorization. It is true that a litigant is generally bound by the acts and omissions of attorneys it has voluntarily authorized to represent it in court. *See Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). But that is clearly not the case here, and Plaintiff offers no evidence to suggest that counsel was ever authorized to represent Ayala or Rom in any capacity.

In short, Ayala and Rom have carried their burden of showing that their removal of this action was timely and proper. The record demonstrates that they were never served with process, and therefore the thirty-day removal period under 28 U.S.C. § 1446(b) was never triggered. The defendants removed the action promptly upon learning of its existence and obtained the consent of the remaining defendants in accordance with § 1446(b)(2)(C).

---

[3] In his Motion, Plaintiff submits that "[a] Defendant who 'invoke[s] the jurisdiction of the state court by filing an answer on the merits' acts inconsistently with the right of removal and waives it." Pl.'s Br. at 3. Plaintiff attributes this internally quoted language to "*Estate of Harris v. Shelter Insurance Co.*, 2023 WL 152331, at *2 (D.N.J. Jan 11. 2023)." *Id.* The Court has been unable to locate any such decision. Nor has it found the quoted language in any existing decision in this Circuit. Moreover, it is squarely contradicted by other relevant authorities. *See, e.g.*, *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1218 (3d Cir. 1991) (stating that waiver of right to removal must be "clear and unequivocal"); *Alston v. Boardwalk Regency LLC*, No. 25-cv-11910, 2025 WL 4066527, at *5 (D.N.J. Nov. 19, 2025) (recognizing that the mere filing of an answer in state court does not constitute a waiver of statutory right of removal); 14C WRIGHT & MILLER'S FED. PRAC. & PROC. JURIS. § 3731 (Rev. 4th ed. 2025) (confirming that a defendant's conduct in defending a state-court action prior to the end of § 1446(b)'s thirty-day period "will not constitute a waiver of the right to remove"). While the Court declines to probe any further into the source of Plaintiff's citation, counsel is reminded that all legal propositions presented to the Court must be supported by accurate citation to existing, verifiable legal authority. Failing to do so may necessitate additional proceedings.

## V.    CONCLUSION

For all of the reasons set forth above, Plaintiff's Motion to Remand is denied.


Dated: February 23, 2026


_Karen M. Williams_
KAREN M. WILLIAMS, U.S.D.J.